**<u>NOT FOR PUBLICATION</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action<br>No. 24-969 (KMW-MJS) |
| A&E SOLHEIM, LLC, *et al*, | **MEMORANDUM OPINION & ORDER** |
| Defendants. | |

The Court notes several issues regarding Plaintiff's attempts to serve Defendant Ready Glass, LLC, and obtain a Clerk's Default, (ECF Nos. 12-14); and

WHEREAS, each attempt to obtain a Clerk's Default against Defendant Ready Glass, LLC was denied by the Office of the Clerk of Court because Plaintiff failed to serve Defendant Ready Glass, LLC due to a failure to follow Fed. R. Civ. P. 4; and

WHEREAS, Fed. R. Civ. P. 4 requires delivery of a copy of the summons and of the complaint to an officer, a managing or general agent, or an agent authorized by appointment or law to receive service of process, with the notice addressed *to the individual defendant, see* Fed. R. Civ. P. 4(a), 4(h);[1] and

---

[1] Federal Rule of Civil Procedure 4(h) states that a corporation must be served in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. (4)(h)(1)(A)-(B). Rule 4(e)(1) permits service by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). New Jersey service rules regarding service of process of individual defendants "mirrors" the

WHEREAS, Fed. R. Civ. P. 4(l) requires Plaintiff to prove service by providing the Court with an affidavit by the server, unless service has been waived, *see* Fed. R. Civ. P. 4(l); and

WHEREAS, each Affidavit of Service provided by Plaintiff when attempting to obtain a Clerk's Default *does not list Defendant Ready Glass, LLC as the defendant being served*; *see* ECF No. 12 at Ex. 2 showing that Defendant Eric Solheim was served and not Defendant Ready Glass, LLC; ECF No. 13 showing the summons and blank return of service; ECF No. 14 at Ex. 2, which is the same deficient Affidavit of Service as filed in ECF No. 12; *compare* to the sufficient Affidavit of Service provided for A&E Solheim LLC, at ECF No. 5, where the Defendant to be served upon lists "A&E Solheim LLC" received by Eric Solheim; and

WHEREAS, on November 15, 2024, Plaintiff filed an Amended Motion for Default Judgment, requesting this Court to impose Default Judgment, including Defendant Ready Glass, LLC (ECF No. 15); and

WHEREAS, Exhibit E to the Amended Motion for Default Judgment shows that the Statutory Agent for service of process for Defendant Ready Glass, LLC is Bryce Hamblin of Hablin Law Office, PLC,

WHEREAS, there is no Affidavit of Service in the record to reflect that Plaintiff served Defendant Ready Glass, LLC through its registered agent, Bryce Hamblin;

---

process required by the Federal rules. *See Mite v. Bray*, No. 22-6665, 2024 WL 1376052 at *4 (D.N.J. Mar. 28, 2024). In Arizona, the state of Defendants' alleged jurisdiction, the state's Rule of Civil Procedure 4.1(h) permits service of process in the same manner as the federal rule, but also permits service by mail as an alternative form of service in lieu of personal service. *Overstreet v. LUCID USA, Inc.*, No. 24-1356, 2024 WL 3966739 at *1-2 (D. Ariz. Jul. 15, 2024). Further, Arizona Rule 4.1(k) authorizes alternative means of service within Arizona and provides that if service is impracticable, the court may, (on motion and without notice to the person to be served), order that service may be accomplished in another manner. *Id.* at *2

WHEREAS, no Clerk's Default has been entered for Defendant Ready Glass, LLC, which is required pursuant to Fed. R. Civ. P. 55(a): a Clerk's Default must be entered prior to the Court granting a Default Judgment; and

WHEREAS, "[w]here a plaintiff cannot demonstrate proper service, default judgment is unachievable," *Clemente v. Doe*, No. 24-314, 2024 WL 5107436 at *2 (D.N.J. Dec. 13, 2024); and

WHEREAS, the time to provide service in this case has exceeded 90 days; *see* Compl. filed on February 21, 2024; and

WHEREAS, pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed a Court must dismiss the action without prejudice against defendant or order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m).

IT IS HEREBY on this 30th day of June 2025,

**ORDERED** that Plaintiff's Amended Motion for Default Judgment, (ECF No. 15) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs are granted 90 days to obtain service on Defendant Ready Glass, LLC, pursuant to Fed. R. Civ. P. 4(m).

KAREN M. WILLIAMS
United States District Judge

3