**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>A & E SOLHEIM, LLC *et al.*,<br><br>                Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 24-cv-0969 (KMW-MJS)<br><br>**MEMORANDUM ORDER AND OPINION** |

**THIS MATTER** comes before the Court by way of Plaintiff Liberty Mutual Insurance Company's ("Plaintiff") Motion for Default Judgment (ECF No. 20) against Defendants Ready Glass, LLC, A & E Solheim, LLC d/b/a A&E Auto Glass, Eric A. Solheim, and Anna M. Solheim, (collectively "Defendants"); and

**WHEREAS,** Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that has failed to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2); *see also Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017); and

**WHEREAS,** "[b]efore entering a default judgment as to a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Tri-Union Seafoods, LLC*, 2021 WL 1541054 at *3 (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, *2 (D.N.J. Jan. 22, 2015)); and

**WHEREAS**, Federal courts are courts of limited jurisdiction that have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 3d Cir. Feb. 16, 2024); and

**WHEREAS**, to assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Gibson*, 2024 WL 658977 at *1 n.2. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when "the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); and

**WHEREAS**, to assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy exceeding $75,000.00. *Gibson*, 2024 WL 658977 at *1; and

**THE COURT NOTING** that in this case, Plaintiff has asserted that this Court is vested with jurisdiction pursuant to diversity. As such, the Plaintiff must specifically plead the citizenship of each party such that the Court can determine whether complete diversity exists; and

**WHEREAS**, Plaintiff is a corporation and under 28 U.S.C. § 1332(c)(1) a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of

2

the State or foreign state where it has its principal place of business." As such, "a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business." *Id.*

Here, Plaintiff's Complaint states that Plaintiff is "an insurance company with a corporate headquarters located at 175 Berkley Street Boston, MA 02116." (Compl. at ¶ 5). Plaintiff does not identify its state of incorporation nor where its principal place of business is located. (*See Id.*) This is insufficient to establish citizenship. Pursuant to Fed. R. Civ. P. 7.1(a)(2), when a party files or removes an action in federal court alleging diversity, the party must complete a disclosure statement setting forth the specific citizenship of each party to establish that complete diversity exists. In its Diversity Disclosure Statement ("DDS") (ECF No. 3), Plaintiff asserts that it is a corporation with Massachusetts citizenship but does not specifically list that it is both incorporated in Massachusetts and has its principal place of business in Massachusetts. (*Id.* at p. 1). However, even if the Court were to accept this without more, Plaintiff has not sufficiently pleaded the citizenship of any of the Defendants.

An individual is a citizen of that state in which they are domiciled. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015). Here, the Complaint is silent as to the citizenship of Defendants Eric and Anna Solheim. (*See* Compl.). Plaintiff's DDS is also silent as to the citizenship of Defendants Eric and Anna Solheim. (*See* DDS). Plaintiff has, in no way, established the citizenship of these two defendants.

Additionally, the citizenship of an LLC is determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Lincoln Ben. Life*, 800 F.3d at 105. If any member of the LLC is itself a partnership, limited liability company, or other unincorporated association, its partners or members and their citizenship must be set forth separately. *See Zambelli*

3

*Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC."). Thus, in order to establish the citizenship of an LLC, Plaintiff must specifically identify each member and the citizenship of each member.

As to A & E Auto Glass, LLC, Plaintiff's DDS does not list A & E Autoglass, LLC as a party to the case at all. The Complaint alleges "Defendant A & E Autoglass is an Arizona limited liability company. A & E Auto was organized in Arizona on or about February 28, 2003, and its members have been the Solheims at all relevant periods of time." (Compl. at ¶ 9). This infers that the only members are the Solheims but does not explicitly state it. The Court cannot infer citizenship because "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.' " *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006). Additionally, even if the Court were to accept that Defendants Eric and Anna Solheim were the only members of Defendant A & E Auto Glass, LLC, since the Plaintiff has not established the citizenship of either of the Solheim Defendants, it has not established the citizenship of A & E Auto Glass, LLC.

As to Ready Glass, LLC, Plaintiff's DDS lists Ready Glass, LLC as a party, identifies it as an LLC and lists its citizenship as Arizona. However, Plaintiff's DDS does not list all members of Ready Glass, LLC as instructed. The Complaint states that "Ready Glass, LLC is an Arizona limited liability company." (*See* Compl. at ¶ 11). This is insufficient to establish citizenship because the law under which an LLC was formed is not relevant to the inquiry regarding the LLC's citizenship. *Zambelli Fireworks*, 592 F.3d at 420. Accordingly, Plaintiff has not sufficiently established Defendant Ready Glass, LLC's citizenship; and

4

**WHEREAS**, subject matter jurisdiction is a prerequisite to suit in the federal courts and Plaintiff has not properly alleged the citizenship of any party to the case, including its own, to establish complete diversity.

It is hereby this 30 day of April, 2026, **ORDERED**:

A.    Plaintiff's Motion for Default Judgment[1] (ECF No. 20) is **DENIED.**

B.    Plaintiff has thirty (30) days to amend its pleadings to establish that this Court is vested with subject matter jurisdiction, which includes specifically pleading the citizenship of all Defendants, not only the Defendants addressed in this Order.

C.    If Plaintiff fails to cure the deficiencies identified in this Order within thirty (3) days, the Court will order the Clerk of Court to close the case.

KAREN M. WILLIAMS
United States District Judge

---

[1] The Court notes that, should Plaintiff cure the deficiencies described herein and again move for a default judgment, the Court must also make a determination as to whether it has personal jurisdiction over the Defendants. *Tri-Union Seafoods,* 2021 WL 1541054 at *3. Any finding that the Court lacks personal jurisdiction over the Defendants must result in a denial of the Motion for Default Judgment.

5